UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JOSE TRINIDAD VASQUEZ-LOPEZ )
)
V. ) No. 3:05-0453
) JUDGE CAMPBELL
UNITED STATES OF AMERICA )

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (Docket No. 1), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 4).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

The Petitioner pled guilty to illegal reentry into the United States by a previously deported aggravated felon, in violation of 8 U.S.C. § 1326(a) and (b)(2), on March 14, 2003. (Docket Nos. 11 and 25 in Case No. 3:02-00188). This Court sentenced the Petitioner to a term of 84 months imprisonment. (Docket No. 34 in Case No. 3:02-00188). On appeal, the Sixth Circuit affirmed Petitioner's sentence. (Docket No. 48 in Case No. 3:02-00188); United States v. Vasquez-Lopez, 104 Fed.Appx. 464 (6th Cir. June 15, 2004).

III. Analysis

A. The Petitioner's Claims

Petitioner bases his Motion To Vacate on three grounds: (1) His sentence is unconstitutional because it violates his right to a jury trial under the Sixth Amendment based on the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S.Ct. 738, ___ L.Ed.2d ___ (Jan. 12, 2005); (2) His criminal history was overstated because a prior state conviction was invalid; and (3) His sentence is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000).

B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction. The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. United States v. Booker

Petitioner argues that his sentence is unconstitutional because it violates his right to a jury trial under the Sixth Amendment based on the Supreme Court's decision in United States v. Booker, supra. The Sixth Circuit and other courts have held, however, that Booker does not apply retroactively in collateral proceedings. Humphress v. U.S., 398 F.3d 855 (6th Cir. 2005); Bey v. U.S., 399 F.3d 1266 (10th Cir. 2005); Varela v. U.S., 400 F.3d 864 (11th Cir. 2005); Green v. U.S., 397 F.3d 101 (2nd Cir. 2005); McReynolds v. U.S., 397 F.3d 479 (7th Cir. 2005). As this action is such a collateral proceeding, Booker does not apply, and this issue is without

3

merit.[2]

D. State court conviction

Next, Petitioner argues that the Court should not have increased his criminal history level by two points, pursuant to U.S.S.G. § 4A1.1(b), for a 1997 Tennessee state court conviction for possession with intent to distribute cocaine. The Petitioner raised this issue at sentencing, and this Court rejected the objection as an improper collateral attack upon a prior conviction that was not authorized by the sentencing guidelines. (Transcript of Sentencing Hearing, at 51-53 (Docket No. 42 in Case No. 3:02-00188)). Alternatively, the Court determined that Petitioner's objection was without merit, as the proof showed he was represented by a public defender in the state prosecution. (Id.)

On appeal, the Petitioner challenged the Court's decision, and the Court of Appeals ruled as follows:

> Vasquez-Lopez failed to meet his burden of showing the invalidity of the challenged conviction. Vasquez-Lopez did not affirmatively claim at sentencing that he was not represented by counsel in the state proceeding, he did not testify on the issue, or present proof on the issue, other than through argument of defense counsel. In contrast, the government presented evidence that Vasquez-Lopez was represented by counsel in the state proceeding. The government submitted a certified copy of the challenged judgment. The judgment reflected that Vasquez-Lopez had been represented by a public defender named "J. Wing." The government presented the text of Tennessee Code §§ 8-14-206, which requires legal representation for, or a clear waiver of counsel by any criminal defendant prosecuted in Tennessee who faces risk of imprisonment. The government also offered the testimony of a state probation officer who testified regarding the local practice in state court with respect to legal representation of criminal defendants. Testimony that it is the custom and practice of the trial court to follow proper procedures may be sufficient to refute a defendant's claim of procedural

---

[2] The Petitioner did not apply for a writ of certiorari within 90 days after his appeal was decided on June 15, 2004, United States v. Vasquez-Lopez, supra, and therefore, the direct appeal was final before the Supreme Court rendered its decision in Booker on January 12, 2005.

4

infirmities. *See United States v. Dickerson,* 901 F.2d 579, 582 (7th Cir.1990); *Dickens,* 879 F.2d at 411-12.

Given this evidence, we cannot conclude that the district court erred in calculating Vasquez-Lopez's federal criminal history category.

United States v. Vasquez-Lopez, 104 Fed.Appx. at 466.

Absent exceptional circumstances, or an intervening change in the case law, a petitioner may not relitigate an issue in a Section 2255 action that has already been litigated on direct appeal. See, e.g., Wright v. United States, 182 F.3d 458, 467 (6th Cir. 1999). As the Petitioner presented this issue to the Sixth Circuit, and the appeals court addressed the issue, he may not raise the issue in this Section 2255 proceeding.[3]

E. Apprendi v. New Jersey

As his third ground, Petitioner argues that increasing his criminal history level by two points for the state court conviction referenced above violates the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). As with the Booker issue, the federal courts have held that the Apprendi decision is not retroactively applicable to cases on collateral review. See, e.g., Regalado v. United States, 334 F.3d 520, 526-28 (6th Cir. 2003)(Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) does not apply retroactively on collateral review). Accordingly, this issue is without merit.[4]

---

[3] Even if the Petitioner were not barred from raising the issue, he has failed to demonstrate that the Court erred in determining he was represented by counsel during the state proceeding.

[4] The Court also notes that Apprendi does not apply to Petitioner's sentence because the sentence was below the prescribed statutory maximum. See, e.g., United States v. Lawrence, 308 F.3d 623, 635 (6th Cir. 2002). Petitioner was sentenced to 84 months of imprisonment, and the statutory maximum for a violation 8 U.S.C. § 1326(b)(2) is 20 years.

5

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE